## STATE v. E. J. MOORE.

(Filed 10 December, 1952.)

**Homicide § 25—**

> The State's evidence tending to show that defendant intentionally killed deceased with a deadly weapon takes the case to the jury on a charge of murder in the second degree notwithstanding defendant's evidence tending to show death by misadventure or possibly self-defense.

APPEAL by defendant from *Patton, Special Judge,* April Term, 1952, of GUILFORD. No error.

The bill of indictment charged the defendant with the murder in first degree of one Alton Brown, but the Solicitor announced he would ask only

for a verdict of guilty of murder in second degree or manslaughter as the evidence might warrant.

The State's evidence tended to show that about 9 p.m. on the evening of 9 February, 1952, the defendant and the deceased had some angry words at Bateman's Grill in Greensboro, and the defendant was observed backing toward his truck with an open knife in his hand threatening to kill the deceased if he came any closer. The deceased was unarmed. The defendant then left the scene in his truck, went to the home of a friend and borrowed a 22-caliber semi-automatic rifle, on pretext of going turkey hunting, and returned to Bateman's Grill. The deceased, who was then sitting in an automobile with two companions, got out and walked toward defendant's truck. According to the State's witness defendant was then standing at the left rear of his truck and was heard to say with an oath, "I told you I'd kill you," and immediately the rifle was discharged, fatally wounding the deceased. Defendant then threatened to shoot a companion of deceased but was prevented.

The defendant, however, offered evidence tending to show that at Bateman's Grill the deceased who had been drinking, approached defendant in a threatening manner, saying, "the time is coming when I'll get you"; that defendant then left and went to the home of a friend and borrowed a rifle for the purpose of going turkey hunting the following morning; that he returned to Bateman's Grill three-quarters of an hour later and was sitting in his truck when the deceased came out from the grill with a stick in his hand, came up to the truck and attempted to pull defendant out of his truck, tearing his coat; that defendant reached back in his truck for some weapon with which to defend himself and his hand caught hold of the rifle; that as he swung the rifle around it was accidentally discharged, killing the deceased. The defendant testified he and the deceased had been friends for years and frequently together.

The jury returned verdict of guilty of murder in the second degree, and from judgment imposing prison sentence the defendant appealed.

*Attorney-General McMullan and Samuel Behrends, Jr., Member of Staff, for the State.*

*Hughes & Hines for defendant.*

DEVIN, C. J. In the defendant's appeal the only error assigned in defendant's brief is the refusal of the court below to sustain his motion for judgment as of nonsuit. While the defendant's evidence tended to show death by misadventure or possibly self-defense, the State's evidence which was accepted by the jury fully warranted the verdict of murder in the second degree. The motion for judgment of nonsuit was properly denied.

Though there was no exception noted to the judge's charge, we have examined this and find that the jury was correctly instructed as to all pertinent phases of the case, and the defendant's defenses fairly presented. We have also examined the exceptions noted to rulings of the court during the trial and consider that none of them is of substantial merit.

The verdict and judgment will be upheld.

No error.